United States District Court
For the Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

EUREKA DIVISION

CARLOS GILBERT LAW,

        Plaintiff,

   v.

BLANDON, et. al.,

        Defendants.
                              /

No. C 14-1943 NJV (PR)

**ORDER OF DISMISSAL WITH LEAVE TO AMEND**

    Plaintiff filed a pro se civil rights action under 42 U.S.C. § 1983 on April 28, 2014. (Doc. 1.)  The Court granted plaintiff's motion for eave to proceed in forma pauperis. (Doc. 14.)

## DISCUSSION

**A.    Standard of Review**

    Federal courts must engage in a preliminary screening of cases in which prisoners seek redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). In its review the court must identify any cognizable claims, and dismiss any claims which are frivolous, malicious, fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant who is immune from such relief. *Id*. at 1915A(b)(1),(2). Pro se pleadings must be liberally construed. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

    Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." "Specific facts are not necessary; the statement need only '"give the defendant fair notice of what the . . . . claim is and the grounds upon which it rests."'" *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (citations

omitted).  Although in order to state a claim a complaint "does not need detailed factual allegations, . . . a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. . . .  Factual allegations must be enough to raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citations omitted).  A complaint must proffer "enough facts to state a claim to relief that is plausible on its face." *Id.* at 570.  The United States Supreme Court has recently explained the "plausible on its face" standard of *Twombly*: "While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations.  When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements:  (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged deprivation was committed by a person acting under the color of state law.  *West v. Atkins*, 487 U.S. 42, 48 (1988).

**B.    Legal Claims**

Plaintiff states that defendants fails to protect him from violence by other inmates.

The Eighth Amendment requires that prison officials take reasonable measures to guarantee the safety of prisoners.  *Farmer v. Brennan*, 511 U.S. 825, 832 (1994).  In particular, prison officials have a duty to protect prisoners from violence at the hands of other prisoners.  *Id.* at 833; *Hearns v. Terhune*, 413 F.3d 1036, 1040 (9th Cir. 2005).  The failure of prison officials to protect inmates from attacks by other inmates or from dangerous conditions at the prison violates the Eighth Amendment only when two requirements are met: (1) the deprivation alleged is, objectively, sufficiently serious; and (2) the prison official is, subjectively, deliberately indifferent to inmate safety.  *Farmer*, 511 U.S. at 834; *Hearns*, 413 F.3d at 1040-41.

A pretrial detainee is not protected by the Eighth Amendment's proscription against cruel and unusual punishment because he has not been convicted of a crime. *See Bell v. Wolfish*, 441 U.S. 520, 535 & n.16 (1979). Pretrial detainees are protected from punishment without due process, however, under the Due Process Clause of the Fourteenth Amendment. *See United States v. Salerno*, 481 U.S. 739, 746-47 (1987); *Bell*, 441 U.S. at 535-36. The protections of the Due Process Clause are at least as great as those of the Eighth Amendment. *See Revere v. Massachusetts General Hosp.*, 463 U.S. 239, 244 (1983). In the Ninth Circuit, "deliberate indifference is the level of culpability that pretrial detainees must establish for a violation of their personal security interests under the [F]ourteenth [A]mendment." *Redman v. County of San Diego*, 942 F.2d 1435, 1443 (9th Cir. 1991) (en banc), cert. denied, 502 U.S. 1074 (1992).

It is not clear if plaintiff is a pretrial detainee or a convicted prisoner, however he states he was sexually assaulted by other inmates while at San Francisco County Jail. Plaintiff states that the defendants knew that he had a history of being a victim of inmate violence, and that he told the defendants he was in fear for his life. Plaintiff further states that the defendants moved him from Administrative Segregation to the general population, which resulted in him being assaulted. While plaintiff has presented the basic elements of a failure to protect claim, he has not proffered sufficient facts to state a claim for relief that is plausible on its face. Plaintiff also has not identified the actions of the specific defendants named in this action.

The complaint will therefore be dismissed with leave to amend to provide additional information. Plaintiff must identify the specific actions of the defendants, how the defendants were aware of the danger to plaintiff, and how they were deliberately indifferent to his safety. Plaintiff must present more allegations than just stating that defendants 'knew' there was a risk.[1] He should also identify his status as a prisoner or pretrial

---

[1] Plaintiff has not stated if there was a specific threat from the inmates who assaulted him.

3

detainee.

## CONCLUSION

1. The complaint is **DISMISSED** with leave to amend in accordance with the standards set forth above. The amended complaint must be filed within **twenty-eight (28) days** of the date this order is filed and must include the caption and civil case number used in this order and the words AMENDED COMPLAINT on the first page. Because an amended complaint completely replaces the original complaint, plaintiff must include in it all the claims he wishes to present. *See Ferdik v. Bonzelet*, 963 F.2d 1258, 1262 (9th Cir. 1992). He may not incorporate material from the original complaint by reference. Failure to amend within the designated time will result in the dismissal of this action.

2. It is the plaintiff's responsibility to prosecute this case. Plaintiff must keep the court informed of any change of address by filing a separate paper with the clerk headed "Notice of Change of Address," and must comply with the court's orders in a timely fashion. Failure to do so may result in the dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).

**IT IS SO ORDERED.**

Dated: June 18, 2014.

NANDOR J. VADAS
United States Magistrate Judge

G:\PRO-SE\NJV\CR.14\Law1943.dwlta.wpd

4

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

EUREKA DIVISION

CARLOS GILBERT LAW,

        Plaintiff,

v.

BLANDON, et al,

        Defendants.

No.1:14-CV-1943 NJV

**CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that on June 18, 2014, I served a true and correct copy of the attached by placing said copy in a postage paid envelope addressed to the person(s) listed below, by depositing said envelope in the U.S. Mail.

Dated: June 18, 2014

/s/ *Linn Van Meter*
Linn Van Meter
Administrative Law Clerk to the
Honorable Nandor J. Vadas