UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

EUREKA DIVISION

CARLOS GILBERT LAW,

    Plaintiff,

v.

BLANDON, et. al.

    Defendants.

No. C 14-1943 NJV (PR)

**ORDER OF SERVICE**

    Plaintiff has filed a pro se civil rights complaint under 42 U.S.C. § 1983. The Court dismissed the original complaint with leave to amend and plaintiff filed an amended complaint.

## DISCUSSION

### A.    Standard of Review

    Federal courts must engage in a preliminary screening of cases in which prisoners seek redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). In its review the court must identify any cognizable claims, and dismiss any claims which are frivolous, malicious, fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant who is immune from such relief. *Id*. at 1915A(b)(1),(2). Pro se pleadings must be liberally construed. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

    Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." "Specific facts are not necessary; the statement need only '"give the defendant fair notice of what the . . . . claim is and the grounds upon which it rests."'" *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (citations

omitted).  Although in order to state a claim a complaint "does not need detailed factual allegations, . . . a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. . . .  Factual allegations must be enough to raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citations omitted).  A complaint must proffer "enough facts to state a claim to relief that is plausible on its face." *Id.* at 570.  The United States Supreme Court has recently explained the "plausible on its face" standard of *Twombly*: "While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations.  When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements:  (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged deprivation was committed by a person acting under the color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988).

**B.     Legal Claims**

Plaintiff states that a defendant failed to protect him from violence by other inmates.

The Eighth Amendment requires that prison officials take reasonable measures to guarantee the safety of prisoners. *Farmer v. Brennan*, 511 U.S. 825, 832 (1994).  In particular, prison officials have a duty to protect prisoners from violence at the hands of other prisoners. *Id.* at 833; *Hearns v. Terhune*, 413 F.3d 1036, 1040 (9th Cir. 2005).  The failure of prison officials to protect inmates from attacks by other inmates or from dangerous conditions at the prison violates the Eighth Amendment only when two requirements are met: (1) the deprivation alleged is, objectively, sufficiently serious; and (2) the prison official is, subjectively, deliberately indifferent to inmate safety. *Farmer*, 511 U.S. at 834; *Hearns*, 413 F.3d at 1040-41.

2

A pretrial detainee is not protected by the Eighth Amendment's proscription against cruel and unusual punishment because he has not been convicted of a crime. *See Bell v. Wolfish*, 441 U.S. 520, 535 & n.16 (1979). Pretrial detainees are protected from punishment without due process, however, under the Due Process Clause of the Fourteenth Amendment. *See United States v. Salerno*, 481 U.S. 739, 746-47 (1987); *Bell*, 441 U.S. at 535-36. The protections of the Due Process Clause are at least as great as those of the Eighth Amendment. *See Revere v. Massachusetts General Hosp.*, 463 U.S. 239, 244 (1983). In the Ninth Circuit, "deliberate indifference is the level of culpability that pretrial detainees must establish for a violation of their personal security interests under the [F]ourteenth [A]mendment." *Redman v. County of San Diego*, 942 F.2d 1435, 1443 (9th Cir. 1991) (en banc), cert. denied, 502 U.S. 1074 (1992).

It is not clear if plaintiff is a pretrial detainee or a convicted prisoner, however he states he was sexually assaulted by other inmates while at San Francisco County Jail. Plaintiff states that his classification records indicated and he told defendant Deputy Blandon that he had a history of being a victim of inmate violence due to accusations of being a snitch, sex offender, and gay. Plaintiff was placed in general population and was assaulted by other inmates. This claim is sufficient to proceed regardless of plaintiff's status.

**CONCLUSION**

1. The clerk shall issue a summons and Magistrate Judge jurisdiction consent form and the United States Marshal shall serve, without prepayment of fees, the summons, Magistrate Judge jurisdiction consent form, copies of the amended complaint (Docket No. 22) with attachments and copies of this order on defendant Deputy Blandon at San Francisco County Jail.

2. Plaintiff's motion to add a defendant (Docket No. 12) is **DENIED** as it was filed prior to the Court's original screening order and the amended complaint.

3. In order to expedite the resolution of this case, the court orders as follows:

3

a. No later than sixty days from the date of service, defendants shall file a motion for summary judgment or other dispositive motion. The motion shall be supported by adequate factual documentation and shall conform in all respects to Federal Rule of Civil Procedure 56, and shall include as exhibits all records and incident reports stemming from the events at issue. If defendants are of the opinion that this case cannot be resolved by summary judgment, they shall so inform the court prior to the date the summary judgment motion is due. All papers filed with the court shall be promptly served on the plaintiff.

b. At the time the dispositive motion is served, defendants shall also serve, on a separate paper, the appropriate notice or notices required by *Rand v. Rowland*, 154 F.3d 952, 953-954 (9th Cir. 1998) (en banc), and *Wyatt v. Terhune*, 315 F.3d 1108, 1120 n. 4 (9th Cir. 2003). *See Woods v. Carey*, 684 F.3d 934, 940-941 (9th Cir. 2012) (*Rand* and *Wyatt* notices must be given at the time motion for summary judgment or motion to dismiss for nonexhaustion is filed, not earlier); *Rand* at 960 (separate paper requirement).

c. Plaintiff's opposition to the dispositive motion, if any, shall be filed with the court and served upon defendants no later than thirty days from the date the motion was served upon him. Plaintiff must read the attached page headed "NOTICE -- WARNING," which is provided to him pursuant to *Rand v. Rowland*, 154 F.3d 952, 953-954 (9th Cir. 1998) (en banc), and *Klingele v. Eikenberry*, 849 F.2d 409, 411-12 (9th Cir. 1988). If defendants file a motion for summary judgment claiming that plaintiff failed to exhaust his available administrative remedies as required by 42 U.S.C. § 1997e(a), plaintiff should take note of the attached page headed "NOTICE -- WARNING (EXHAUSTION)," which is provided to him as required by *Wyatt v. Terhune*, 315 F.3d 1108, 1120 n. 4 (9th Cir. 2003).

d. If defendants wishes to file a reply brief, they shall do so no later than fifteen days after the opposition is served upon them.

e. The motion shall be deemed submitted as of the date the reply brief is due. No hearing will be held on the motion unless the Court so orders at a later date.

4

4. All communications by plaintiff with the court must be served on defendants, or defendants' counsel once counsel has been designated, by mailing a true copy of the document to defendants or defendants' counsel.

5. Discovery may be taken in accordance with the Federal Rules of Civil Procedure. No further court order under Federal Rule of Civil Procedure 30(a)(2) is required before the parties may conduct discovery.

6. It is plaintiff's responsibility to prosecute this case. Plaintiff must keep the Court informed of any change of address by filing a separate paper with the clerk headed "Notice of Change of Address." He also must comply with the Court's orders in a timely fashion. Failure to do so may result in the dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).

**IT IS SO ORDERED.**

Dated: October 24, 2014.

NANDOR J. VADAS
United States Magistrate Judge

G:\PRO-SE\NJV\CR.14\Law1943.serve.wpd

**NOTICE -- WARNING (SUMMARY JUDGMENT)**

If defendants move for summary judgment, they are seeking to have your case dismissed. A motion for summary judgment under Rule 56 of the Federal Rules of Civil Procedure will, if granted, end your case.

Rule 56 tells you what you must do in order to oppose a motion for summary judgment.  Generally, summary judgment must be granted when there is no genuine issue of material fact--that is, if there is no real dispute about any fact that would affect the result of your case, the party who asked for summary judgment is entitled to judgment as a matter of law, which will end your case.  When a party you are suing makes a motion for summary judgment that is properly supported by declarations (or other sworn testimony), you cannot simply rely on what your complaint says.  Instead, you must set out specific facts in declarations, depositions, answers to interrogatories, or authenticated documents, as provided in Rule 56(e), that contradict the facts shown in the defendant's declarations and documents and show that there is a genuine issue of material fact for trial.  If you do not submit your own evidence in opposition, summary judgment, if appropriate, may be entered against you.  If summary judgment is granted, your case will be dismissed and there will be no trial.

**NOTICE -- WARNING (EXHAUSTION)**

If defendants file a motion for summary judgment for failure to exhaust, they are seeking to have your case dismissed.  If the motion is granted it will end your case. You have the right to present any evidence you may have which tends to show that you did exhaust your administrative remedies.  Such evidence may be in the form of declarations (statements signed under penalty of perjury) or authenticated documents, that is, documents accompanied by a declaration showing where they came from and why they are authentic, or other sworn papers, such as answers to interrogatories or depositions. If defendants file a motion for summary judgment for failure to exhaust and it is granted, your case will be dismissed and there will be no trial.

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

EUREKA DIVISION

| | |
|---|---|
| CARLOS GILBERT LAW,<br><br>        Plaintiff,<br><br>v.<br><br>BLANDON, et al,<br><br>        Defendants. | No.1:14-CV-1943 NJV<br><br>**CERTIFICATE OF SERVICE** |

    I, the undersigned, hereby certify that on October 24, 2014, I served a true and correct copy of the attached by placing said copy in a postage paid envelope addressed to the person(s) listed below, by depositing said envelope in the U.S. Mail.

Carlos Gilbert Law
SF#658840
San Francisco County Jail
1 Moreland Dr.
San Bruno, CA 94066

                                                    */s/ Linn Van Meter*
                                                     Linn Van Meter
                                           Administrative Law Clerk to the
                                             Honorable Nandor J. Vadas