United States District Court
For the Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

EUREKA DIVISION

CARLOS GILBERT LAW,

    Plaintiff,

v.

BLANDON; STAR # 1430; STAR #1342; STAR #1634; STAR #1991; JOHN and JANE DOE 1-10 respectively,

    Defendants.

No. C 14-1943 NJV

**ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT; DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND CLOSING CASE**

This is a civil rights case brought pro se by a former detainee at San Francisco County Jail. Plaintiff alleges that Defendant Deputy Blandon and other persons identified only by "Star" numbers failed to protect him from sexual assault by other inmates, and thereby violated Plaintiff's rights under the Fourteenth Amendment. Plaintiff filed a motion for summary judgment on January 15, 2015. (Doc. 56.) Defendant Blandon filed a motion for summary judgment on February 23, 2015. (Doc. 68.) Plaintiff has not filed an opposition to Defendant Blandon's motion, despite Defendant Blandon filing a notice of Plaintiff's failure to oppose his motion on March 27, 2015, and providing a certificate of service of that notice on Plaintiff. (Doc. 72.) The court has reviewed Defendant Blandon's motion and for the reasons set forth below, Defendant Blandon's motion for summary judgment is granted and Plaintiff's motion for summary judgment is denied.

## DISCUSSION

**Complaint**

Plaintiff states that his jail records indicated and he also told all defendants that he had a history of being a victim of inmate violence due to accusations of being a snitch, a sex offender, and gay. Plaintiff alleges that defendants had seen Plaintiff's classification

records. Plaintiff alleges that he was placed in general population and was sexually assaulted by other inmates between March 19, 2014, and March 24, 2014. Amended Complaint at 1. (Doc. 22.)

**Motion for Summary Judgment**

### A. Standard of Review

Summary judgment is proper where the pleadings, discovery and affidavits show that there is "no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). Material facts are those which may affect the outcome of the case. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A dispute as to a material fact is genuine if there is sufficient evidence for a reasonable jury to return a verdict for the nonmoving party. *Id.*

The moving party for summary judgment bears the initial burden of identifying those portions of the pleadings, discovery and affidavits which demonstrate the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986); *Nissan Fire & Marine Ins. Co. v. Fritz Cos.*, 210 F.3d 1099, 1102 (9th Cir. 2000). When the moving party has met this burden of production, the nonmoving party must go beyond the pleadings and, by its own affidavits or discovery, set forth specific facts showing that there is a genuine issue for trial. If the nonmoving party fails to produce enough evidence to show a genuine issue of material fact, the moving party wins. *Id.*

### Deliberate Indifference to Safety

A pretrial detainee is not protected by the Eighth Amendment's proscription against cruel and unusual punishment because he has not been convicted of a crime. *See Bell v. Wolfish*, 441 U.S. 520, 535 & n.16 (1979). Pretrial detainees are protected from punishment without due process, however, under the Due Process Clause of the Fourteenth Amendment. *See United States v. Salerno*, 481 U.S. 739, 746-47 (1987); *Bell*, 441 U.S. at 535-36. The protections of the Due Process Clause are at least as great as those of the Eighth Amendment. *See Revere v. Mass. Gen. Hosp.*, 463 U.S. 239, 244

(1983). In the Ninth Circuit, "deliberate indifference is the level of culpability that pretrial detainees must establish for a violation of their personal security interests under the [F]ourteenth [A]mendment." *Redman v. County of San Diego*, 942 F.2d 1435, 1443 (9th Cir. 1991) (abrogated on other grounds).

### B.     Facts

The court has reviewed Defendant Blandon's motion for summary judgment, Plaintiff's motion for summary judgment, and Plaintiff's amended complaint. The following facts are undisputed, unless otherwise noted.

Deputy Blandon is a classification deputy with the San Francisco Sheriff's Department. Defendant's Motion for Summary Judgment (" Defendant's MSJ") at 4. (Doc. 68.) Deputies in the Classifications Department are responsible for interviewing new prisoners and conducting background checks to determine appropriate housing accommodations. *Id.* Classifications deputies must assign housing that balances the safety concerns of staff, the new prisoners, and the other prisoners. *Id.* Classifications deputies must be aware that many prisoners fabricate reasons for protective custody in order to obtain a "single cell," which means they do not have to share a bathroom or have a double bunk. *Id.*

Plaintiff was arrested and brought to the jail on March 18, 2014, and assessed that day by a classification deputy. *Id.* at 4. However, it was non-defendant Deputy Lozada who conducted the interview and classification process with Plaintiff. *Id.*; Blandon Decl., Ex. A. Deputy Lozada determined Plaintiff's class and housing assignment. *Id.* at 4. Deputy Blandon is equal in the chain of command with Deputy Lozada and does not have superiority over him. *Id.* Deputy Blandon did not participate in any part of the classifications process on March 18, 2014. Blandon Decl. ¶ 9.

Plaintiff alleges in his complaint that he was sexually assaulted at some point between March 19, 2014, and March 24, 2014. Am. Complaint at 1. (Doc. 22.) Deputy Blandon first learned of plaintiff's allegation of sexual assault during a March 29, 2014

classification interview, following Plaintiff's subsequent March 28, 2014 arrest. Defendant's MSJ at 4. (Doc. 68.) Deputy Blandon is familiar with Plaintiff. Since June 2012, Plaintiff has been processed through classification interviews at least sixteen times, and Deputy Blandon has performed classification interviews with him on at least four occasions. Blandon Decl. ¶ 5. Plaintiff has claimed to need protective custody for being a confidential informant, snitch, victim of sexual assault, and in need of protective custody from gangs and people whom he cannot name but whose faces he knows. *Id.* ¶ 6. On March 18, 2014, Plaintiff's classification records indicated that he had been in general population in San Francisco County Jail custody on four previous occasions, all without incident. *Id.* ¶ 7.

### C.  Analysis

As noted above, Plaintiff has not filed an opposition to Defendant Blandon's motion for summary judgment and has failed to address the arguments and factual assertions in the motion. It is undisputed that Deputy Blandon did not conduct the classification interview that took place immediately prior to the period in which plaintiff claims he was assaulted, between March 19 and March 24, 2014. Deputy Blandon conducted the classification interview with Plaintiff on March 28, 2014, after the assault allegedly occurred. Non-defendant Deputy Lozada conducted the classification interview immediately prior to the incident, and Deputy Blandon was not involved. Further, there is no evidence that Deputy Blandon had knowledge of the classification interview or had the opportunity or authority to intercede in Deputy Lozada's decision. In the amended complaint, Plaintiff states that at some point he told Deputy Blandon he was in danger. However, Plaintiff does not state when he made this statement or even if it occurred before the assault. These general statements cannot defeat summary judgment. *See, e.g., Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989) (conclusory allegations, unsupported by evidence are insufficient to defeat a motion for summary judgment); *see also Villiarimo v. Aloha Island Air, Inc.*, 281 F.3d 1054, 1061 (9th Cir. 2002) (no "genuine issue" of fact if only evidence presented is the "uncorroborated and self-serving" testimony of the opposing party). Therefore, summary

judgment is granted for Deputy Blandon.[1]

Plaintiff is not entitled to summary judgment because his motion merely presents a summary of his claim and fails to show that there is no dispute as to any material fact and that he is entitled to judgment as a matter of law.[2]

## CONCLUSION

1. Defendant Blandon's motion for summary judgment (Docket No. 68) is **GRANTED**.

2. Plaintiff's motion for summary judgment (Docket No. 56) is **DENIED**. Plaintiff's motion to appoint counsel is (Docket No. 39) is **DENIED** because this case has been closed.

3. The Clerk shall close the file.

**IT IS SO ORDERED.**

Dated: May 1, 2015.

_____
NANDOR J. VADAS
United States Magistrate Judge

---

[1] Because the court has granted summary judgment to the defendant on the underlying claim, the qualified immunity argument will not be addressed.

[2] Plaintiff has named other defendants, namely deputies identified only as Star #1430, Star #1342, Star 31634, and Star 31991. Although discovery has been open in this case since October 24, 2014, Plaintiff has never sought to amend his complaint to identify these persons by name. They thus were never been served, have not appeared, and never became parties to this action.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

EUREKA DIVISION

| | |
|---|---|
| CARLOS GILBERT LAW,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>BLANDON; STAR # 1430; STAR #1342;<br>STAR #1634; STAR #1991;<br>JOHN and JANE DOE 1-10 respectively<br><br>　　　　Defendants.<br>_____/ | No. 14-CV-01943 NJV<br><br><br>CERTIFICATE OF SERVICE |

　　I, the undersigned, hereby certify that on May 1, 2015, I SERVED a true and correct copy of the attached, by placing said copy in a postage paid envelope addressed to the person(s) listed below, by depositing said envelope in the U.S. Mail.

Carlos Gilbert Law
169 6th Street
San Francisco, CA 94103

　　　　　　　　　　　　　　　　　　　　　　　　／s／ *Linn Van Meter*
　　　　　　　　　　　　　　　　　　　　　　　　_____
　　　　　　　　　　　　　　　　　　　　　　　　　　　　Linn Van Meter
　　　　　　　　　　　　　　　　　　　　　　　　　Administrative Law Clerk to
　　　　　　　　　　　　　　　　　　　　　　　　the Honorable Nandor J. Vadas