UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

EUREKA DIVISON

CARLOS GILBERT LAW,

    Plaintiff,

v.

BLANDON,

    Defendant.

Case No. 14-cv-1943-RMI (PR)

**ORDER GRANTING DEFENDANT'S MOTION TO REVOKE PLAINTIFF'S IN FORMA PAUPERIS STATUS**

Docket No. 110

This is a civil rights case brought pro se by a state prisoner. Defendant has filed a motion to revoke plaintiff's in forma pauperis status, pursuant to 28 U.S.C. § 1915(g), because plaintiff has filed at least three prior cases that were dismissed as frivolous, malicious, or for failure to state a claim. Plaintiff has filed an opposition and defendant filed a reply. For the reasons set forth below, the motion to dismiss is granted in part.

**LEGAL STANDARD**

The Prison Litigation Reform Act of 1995 ("PLRA"), provides that a prisoner may not bring a civil action or appeal a civil judgment under 28 U.S.C. § 1915 "if the prisoner has, on three or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury." 28 U.S.C. § 1915(g). The phrase "fails to state a claim on which relief may be granted," as used in § 1915(g), "parallels the language of Federal Rule of Civil Procedure 12(b)(6)." *Andrews v. King*, 398 F.3d 1113, 1121 (9th Cir. 2005) (internal quotation marks omitted) ("*Andrews I*"). A case is "frivolous" within the meaning of § 1915(g) if

"it is of little weight or importance: having no basis in law or fact." *Id*. (internal quotation marks omitted). Further, because § 1915(g) is a procedural rule that does not raise retroactivity concerns, cases dismissed before the effective date of § 1915(g) may be counted as qualifying dismissals or "strikes." *See Tierney v. Kupers*, 128 F.3d 1310, 1311-12 (9th Cir. 1997). A dismissal under § 1915(g) means that a prisoner cannot proceed with his action as a pauper under § 1915(g), but he still may pursue his claim if he pays the full filing fee at the outset of the action.

**DISCUSSION**

Defendant argues that plaintiff has at least four[1] strikes pursuant to § 1915(g):

- *Law v. Benitez*, No. 06-1061 OWW LJO (E.D. Cal.) Docket Nos. 10, 11;
- *Law v. Green*, No. 07-1071 LJO DLB (E.D. Cal.) Docket Nos. 8, 10;
- *Law v. Miller*, No. 11-1339 LJO SKO (E.D. Cal.) Docket Nos. 13, 14;
- *Law v. Domico*, No. 10-2225 BAM (E.D. Cal.) Docket Nos 18, 19.

A review of these cases demonstrates that they are strikes pursuant to § 1915(g). Plaintiff does not dispute that these cases are strikes. He only argues that he was under imminent danger of serious physical injury.

The plain language of the imminent danger clause in § 1915(g) indicates that "imminent danger" is to be assessed at the time of the filing of the complaint. *See Andrews v. Cervantes*, 493 F.3d 1047, 1053 (9th Cir. 2007) ("*Andrews II*"). The court "should not make an overly detailed inquiry into whether the allegations qualify for the exception." *Id*. at 1055. It is sufficient if the complaint "makes a plausible allegation that the prisoner faced 'imminent danger of serious physical injury' at the time of filing." *Id*.; *see*, *e.g.*, *id*. at 1055 (allegation that plaintiff is at risk of contracting HIV or hepatitis C was sufficient to bring his complaint within the imminent danger exception). Yet, the Ninth Circuit has recognized that courts may reject assertions of imminent danger that are conclusory and overly speculative. *Id*. at 1050 n.11.

In this action, plaintiff alleges that he was sexually assaulted by other detainees at some point between March 19, 2014, and March 24, 2014, at the county jail. He was released from

---

[1] Defendant argues that plaintiff has five strikes, but the court does not find that *Law v. Whitson*, No. 08-0291 JAM EFB (E.D. Cal.) is a strike.

2

custody at some point between March 25, 2014, and March 27, 2014. Before he could seek medical attention, he was rearrested and taken back into custody. Plaintiff alleges that after being taken to the jail he told the defendant in this case, a jail guard, that he needed medical care, but defendant failed to provide medical care. In response to this motion to dismiss, plaintiff argues that when he was taken back into custody he was suffering from a bleeding painful rectum and was therefore in danger of serious physical injury due to the lack of medical care. Docket No. 116 at 1-2. Plaintiff did not make this argument in either the complaint or amended complaint. He only presented this new argument for imminent danger several years after the case was filed.

This conclusory statement with no support that he was in imminent danger is insufficient. *See*, *e.g.*, *Martin v. Shelton*, 319 F.3d 1048, 1050 (8th Cir. 2003) (rejecting imminent-danger exception based on conclusory assertions that defendants were trying to kill the plaintiff by forcing him to work in extreme conditions despite his blood-pressure condition). When plaintiff filed his original complaint in April 2014, just a few weeks after the incident occurred, he did not seek any specific relief for medical injuries. Docket No. 1 at 3-4. Rather, he sought money damages and to be placed in Administrative Segregation for his safety. *Id*. Plaintiff made no mention of needing specific medical help or of being at any further risk of injury due to the rape. *Id*.

In his amended complaint filed in July 2014, plaintiff again did not seek any specific relief for his injury or any specific treatment that would demonstrate an ongoing and dangerous medical problem that placed him under imminent danger of serious physical injury. Docket No. 22 at 1-3. At the time the complaint and amended complaints were filed, plaintiff argued extensively that he was in imminent danger because he had been placed in general population and that he was at risk because he was a snitch, a rape victim and a confidential informant for the Drug Enforcement Agency in Alabama in the 1990s.[2] Plaintiff did not argue at that time that he was in imminent danger because of the injury from the rape. Docket No. 22 at 1-3.

---

[2] The failure to protect claim was already dismissed on the merits at summary judgment and the dismissal was affirmed on appeal. Docket No. 87.

Under certain circumstances, imminent danger may arise from the denial of medical treatment for serious or life-threatening diseases. *See Brown v. Johnson*, 387 F.3d 1344, 1350 (11th Cir. 2004) (withdrawal of medications for HIV and hepatitis); *Ciarpaglini v. Saini*, 352 F.3d 328, 330 (7th Cir. 2003) (denial of medication for psychiatric disorders caused plaintiff heart palpitations, chest pains and paralysis). While plaintiff states he suffered a brutal injury and being denied treatment for it could rise to imminent danger of serious physical injury, plaintiff has failed to present sufficient arguments or allegations in support. His conclusory statements in his brief opposition fail to show that when he filed the complaint he was in imminent danger of serious physical injury due to the injury from the rape.[3] Plaintiff presents no specific allegations that he needed but was denied certain medical treatment and that the denial of the treatment placed him in imminent danger of serious physical injury. Plaintiff has failed to show that the imminent danger exception applies in this case. *See Andrews II*, 493 F.3d at 1056-57 (continuing harm must be alleged as a result of being denied medication); *White v. Colorado*, 157 F.3d 1226, 1231-32 (10th Cir. 1998) (allegations of imminent danger due to withheld medical treatment must be more than conclusory assertions); *Olivier v. Brazelton*, No. 14-0536 AWI BAM, 2015 WL 4910515, at *3 (E.D. Cal. Aug. 17, 2015) (finding prisoner's claim of prior assaults and a lack of appropriate medical treatment failed to show imminent danger).

## CONCLUSION

1. The motion to revoke plaintiff's in forma pauperis status (Docket No. 110) is **GRANTED**.

2. Plaintiff's in forma pauperis status is **REVOKED**. He must pay the full filing fee, four hundred dollars ($400), within **twenty-eight (28) days** of the date this order is filed, or this case

---

[3] Plaintiff has extensive experience in litigating civil rights cases and has on many occasions filed briefing regarding the imminent danger aspect of § 1915(g). *See e.g.*, *Law v. Gooden*, No. 16-cv-4977 NJV, Docket Nos. 6, 8, 9; *Law v. Silva*, No. 15-cv-0955 NJV, Docket Nos. 9, 14; *Law v. Starr*, No. 14-cv-5455-NJV, Docket Nos. 24, 25, 36. In all these cases plaintiff only provided brief conclusory statements that he was in imminent danger without providing support. In forma pauperis status was denied or revoked in each these cases because plaintiff had not provided sufficient allegations.

4

will be dismissed.

3. It is the plaintiff's responsibility to prosecute this case. Plaintiff must keep the court informed of any change of address by filing a separate paper with the clerk headed "Notice of Change of Address," and must comply with the court's orders in a timely fashion. Failure to do so may result in the dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).

**IT IS SO ORDERED.**

Dated: September 17, 2018

_____
ROBERT M. ILLMAN
United States Magistrate Judge